In the Matter of the Estate of FRANK GRILLO, Deceased.

Surrogate's Court, Richmond County, October 13, 1949.

*Francis X. Egitto* and *Richard Molony* for Joseph J. Lombardo, petitioner.

*Angelo Costantino* for Sally Smith and others, respondents.

BOYLAN, S. This is a proceeding brought pursuant to the provisions of section 231-a of the Surrogate's Court Act. The material parts of the retainer signed by all of the distributees of the decedent read:

"We do hereby retain Joseph J. Lombardo * * * to object to probate of the last will * * * of * * * decedent and * * * agree to pay one third of any sum recovered by way of suit, settlement or in any manner.

"In the event there is no recovery then no fee is to be charged for services rendered by Joseph J. Lombardo, except we will pay necessary disbursements."

The distributees contend that this agreement was obtained by fraud and that the fair and reasonable amount for the legal services rendered is the sum of $1,000. They also deny certain allegations of the petition which are tantamount to a general denial and that petitioner is not entitled to any disbursements. The respondents, as a group, created the impres-

sion of being alert, competent, cynical and in no way the easy prey of a malefactor. Some are shrewd and subtle. Each of them had the opportunity to read the agreement (approximately 130 words) and nobody denied them that privilege, but they, for no sound reason failed, or so they claim, to take advantage of that opportunity. The court is of the opinion that the petitioner read the agreement to the respondents as it appears in evidence; that they were not in any way deceived, and are merely claiming fraud in the hope of another settlement.

As the court construes the retainer agreement, the petitioner was only to receive disbursements if no recovery resulted by way of trial or settlement. In that event he would be reimbursed for the necessary disbursements, but would receive nothing for his legal services. If the recovery resulted after trial or by way of settlement then the petitioner would receive a one-third part thereof and the amount received would include any and all of the disbursements made by him.

The court concludes that the petitioner is entitled to compensation in accordance with the agreement and that he is not entitled to payment for any disbursements made in addition to one third of the amount of settlement. The amount he will receive is fair and reasonable considering the amount of money and the work involved, the nature of the proceedings and the result obtained. The court also holds that the retainer agreement is not unconscionable but is fair and reasonable under all of the facts and circumstances prevailing.

The petitioner paid $397.70 for disbursements plus $44.55 for taxes and received $1,000.26 together with a deed of the premises involved in which the executor is grantor and the respondents, grantees. That deed has at all times been in petitioner's possession and has never been recorded.

The petitioner is therefore entitled to one third of $7,500.26 (the amount received in settlement) plus $44.55 paid by him for taxes, making a total of $2,544.64, less the sum of $1,375.26 ($1,000.26 of which he received from the executor in cash and $375 of which he received from the respondents for disbursements) leaving a balance to which he is entitled to $1,169.38.

The decree should provide that upon payment thereof the petitioner is directed to deliver to Angelo Costantino, attorney for the respondents, that certain deed, dated February 14, 1949, now in possession of the petitioner wherein Benjamin De Respinis, as executor, is the grantor and John Grillo, Frank Grillo, May Grillo, Josephine Trulio, Sally Smith, Catherine Schultz, Anthony Grillo and Angela Grillo are the grantees.

Enter decree accordingly.